# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:05CR217

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CALVIN WATTY DRIVER. ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a motion of the defendant entitled "Motion for Bond Reduction Based on Change in Circumstance". At the call of this matter it appeared that the defendant was present with his counsel, Edward Hensley, attorney at law of Maggie Valley, North Carolina and that the Government was present through Assistant United States Attorney Donald Gast and from the records in this cause and the evidence presented by the defendant and the arguments of counsel for the defendant and the Assistant United States Attorney, the court makes the following findings:

**Findings:** On August 2, 2005 the undersigned issued a warrant for arrest of the defendant based upon a criminal complaint filed by Ronald D. Brown, Special Agent of the Federal Bureau of Investigation. In the criminal complaint the defendant was charged with causing another person to engage in a sexual act by using force against that other person and also placing the other person in fear of death, serious bodily injury or kidnaping in violation of Title 18 U.S.C. § 2241 and 1153. On August 10, 2005 the undersigned issued an order of detention ordering that the defendant be detained. This order was entered after a hearing in regard to the issue of detention of the defendant.

In the order, the undersigned found that the defendant was subject to detention under the grounds as set forth under 18 U.S.C. § 3142(e) and 18 U.S.C. § 3142(f) and further that the defendant was also subject to detention after considering the factors as set forth under 18 U.S.C. § 3142(g). In the detention order, the undersigned found that the defendant was charged with a crime of violence; that the weight of evidence against the defendant was significant and compelling; that the defendant had a significant criminal history, including a history that the defendant had failed to appear at court appearances and that the defendant had a previous conviction for felony assault inflicting serious bodily injury, breaking and entering and larceny, misdemeanor breaking and entering and larceny and that there was a risk of danger to the community should the defendant be released.

On August 23, 2005 a bill of indictment was issued by the grand jury against the defendant. The bill of indictment contained three counts. In count one the defendant was charged with knowingly causing another person to engage in a sexual act by using force against that person in violation of Title 18 U.S.C. § 2241(a) and 1153. In count two the defendant was charged with the same offense but the allegations alleged that this offense occurred at a time separate and distinct from that alleged in count one. In count three of the bill of indictment the defendant was charged with kidnaping in violation of 18 U.S.C. § 1201 and 1153.

At the hearing, the defendant presented evidence through his mother, Iva McEntire. Ms. McEntire resides Pelzer, South Carolina. Ms. McEntire testified that she and her husband were both in declining health and that she would agree to be a custodian of the defendant such that if the defendant was released on conditions of pretrial release the defendant could be released into her custody and that he could then reside with her in her home in Pelzer, South Carolina and help in the health care for herself and for her husband. Ms. McEntire further testified that the defendant's

failure to appear at an either December 15, 2004 or February 7, 2005 session of Criminal District Court for Henderson County, North Carolina was due to the fact that the defendant was in an alcohol treatment program and that the defendant had not intentionally failed to appear.

The defendant also presented evidence through the witness, Jessica Maney. Ms. Maney testified that although she is a former resident of Cherokee, North Carolina that she is now residing with Ms. McEntire in Pelzer, South Carolina. Ms. Maney further testified that she is pregnant with the defendant's child and that she is scheduled to deliver the child on November 2, 2005. Ms. Maney, in her testimony, told the undersigned that if the defendant was released to her custody to reside at Ms. McEntire's residence that she would assist in assuring that the defendant would not be a danger to the community and that it would be of great assistance to her if the defendant was released to assist her with the birth of their child. Upon cross-examination, Ms. Maney testified that she had presented evidence for the issuance of a warrant for the defendant on April 22, 2005 charging the defendant with domestic violence and assault on a female in Tribal Court in Cherokee, North Carolina. Ms. Maney testified that it was her understanding that these charges against the defendant had been dismissed. Upon questioning by the court, Ms. Maney stated that she had sought the charges against the defendant because he had pushed her into a car door. This occurred during the period of Ms. Maney's pregnancy with the defendant's child.

The criminal record of the defendant shows that he was convicted on February 6, 1996 with misdemeanor injury to real property; three counts of misdemeanor unauthorized use of a motor vehicle and one count of misdemeanor larceny. These events occurred on June 15, 1995 at which time the defendant was age sixteen. On July 18, 1999 the defendant committed the crime of felony assault inflicting serious bodily injury in Jackson County. The defendant pled guilty to this offense

3

on July 24, 2000 and was ordered to be imprisoned for a period of fifteen to eighteen months. On February 4, 2000, while the defendant was on pretrial release from the felony assault charge, the defendant committed the offense of felonious breaking and entering and larceny and felonious larceny. The defendant pled guilty to those felonies on July 24, 2000. The charges of assault were consolidated with the felonious breaking and entering and larceny charges. On July 12, 2003 the defendant committed the offense of misdemeanor criminal contempt and was later convicted of misdemeanor second degree trespass.

**Discussion:** The defendant's motion requesting pretrial release in this matter alleges that the defendant had documentation that excuses and mitigates his failures to appear. The defendant has presented evidence that does mitigate his failure to appear in that it has been shown without by the Government that the defendant was being treated in an alcohol or drug treatment program at the time that he failed to appear in either December of 2004 or February of 2005. However, the fact that the defendant can show mitigation as to his failure to appear does not mitigate the fears that this court has that the release of this defendant will pose a danger to any other person or the community. At age sixteen the defendant committed the offenses as set forth above. Those might have been crimes of youthful indiscretion. However, at age twenty, the defendant committed the crime of felonious assault inflicting serious bodily injury. At age twenty-one, while he was on release from the felony assault charge, the defendant committed the crimes of breaking and entering and larceny. Later, at age twenty-four, the defendant committed the crime of criminal contempt. The crime of misdemeanor criminal contempt indicates to the undersigned that the defendant either did or said something to a judicial official. There is evidence that the defendant, at age twenty-six, assaulted his girlfriend who was, at that time, pregnant with the defendant's minor child. The foregoing acts

4

indicate that the defendant has definite and real problems in controlling his anger. Those problems indicate to the undersigned that the release of the defendant would pose a danger to any other person or the community. As a result, the undersigned does not find that there has been a sufficient change of circumstances which would lessen or reduce the risk of harm to any other person or the community if the defendant was released and as a result, the undersigned will deny the defendant's motion for pretrial release based upon a change of circumstances.

WHEREFORE, the defendant's "Motion for Bond Reduction Based on Change in Circumstance" is hereby **DENIED** and the defendant is ordered to be continued to be detained.

**Signed: October 5, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge