IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
2:05CR217

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CALVIN WATTY DRIVER | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER IS BEFORE THE COURT on Defendant's Motion for New Trial. After reviewing the filings and the record, it appears that a new trial is not warranted here. As the Supreme Court made very clear in United States v. Powell, 469 U.S. 57 (1984), an inconsistent verdict is no grounds for a new trial, even where the jury acquits the defendant of a predicate offense to the crime of which he is convicted. In fact, Powell involved precisely this scenario. There, the defendant was convicted of using a telephone to facilitate a conspiracy to distribute cocaine despite having been acquitted on the conspiracy charges themselves. Id. at 60. The court upheld that conviction, based primarily on the fact that an inconsistent verdict may have actually benefitted the defendant just as easily as it might have prejudiced her. Id. at 65.

The exact same reasoning applies here. Regardless of whether or not kidnapping is a predicate offense for aggravated sexual abuse (a point which it is unnecessary to address here), Defendant cannot show that the jury did not exercise leniency in choosing to convict solely on one count of the indictment. As Powell is directly on point here, this is not a matter of first impression for this court, as Defendant contends. Thus, Defendant's Motion for New Trial is DENIED.

IT IS SO ORDERED.

**Signed: January 5, 2006**

Graham C. Mullen
Chief United States District Judge