UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-291-GCM
2:05-cr-217-GCM-WCM-1

| | |
|---|---|
| CALVIN WATTY DRIVER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 5).

I.     BACKGROUND

Petitioner was indicted for two counts of aggravated sexual abuse and one count of kidnapping. (2:05-cr-217 ("CR") Doc. No. 13). A jury found the Petitioner guilty of one count of aggravated sexual abuse but did not reach a verdict on the two remaining counts. (CR Doc. No. 43). The Presentence Investigation Report ("PSR") calculated the base offense level as 30 because the offense was a violation of 18 U.S.C. §§ 2241(a) and 1153. (CR Doc. No. 95 at ¶ 19). Four levels were added because Petitioner pointed a knife at the victim before, during, and after the aggravated sexual assault pursuant to U.S.S.G. § 2A3.1(b)(1). (CR Doc. No. 95 at ¶ 20). Four more levels were added because the victim was abducted pursuant to U.S.S.G. § 2A3.1(b)(5). (CR Doc. No. 95 at ¶ 21). Petitioner had seven criminal history points and a criminal history category of IV. (CR Doc. No. 95 at ¶ 43). The advisory guidelines range was therefore 324 to 405 months' imprisonment. (CR Doc. No. 95 at ¶ 72).

1

The Court sentenced Petitioner at the low end of the advisory guidelines range to 324 months' imprisonment followed by a life term of supervised release, and dismissed the remaining charges. (CR Doc. No. 38).

Petitioner argued on direct appeal that the Court did not adequately state its reasons for imposing the sentence because it did not specifically discuss the factors enumerated in 18 U.S.C. § 3553(a), and that the Court erred by enhancing the sentence based on facts that were determined by the Court to be proven by a preponderance of the evidence. The Fourth Circuit Court of Appeals affirmed on April 14, 2008. United States v. Driver, 273 F. App'x 277 (4th Cir. 2008). Petitioner did not file a petition for writ of certiorari.

On July 10, 2009, Petitioner filed a *pro se* Motion in the criminal case seeking a copy of his trial transcripts "for appeal reasons." (CR Doc. No. 73); see (CR Doc. No. 73) (Letter addressing the trial transcripts). In 2010, the Petitioner wrote to the Court asking for assistance in securing a medical examination report that, he asserted, he had tried to obtain from his former counsel. (CR Doc. No. 78). In 2011, Petitioner wrote to the Court asking for assistance in obtaining the trial transcript and a copy of a medical examination report. (CR Doc. No. 79). Petitioner filed another Motion for a copy of his trial transcript in 2012. (CR Doc. No. 80). The Court denied both Motions seeking transcripts in his case. See October 19, 2012 text-only Orders. In 2012, the Plaintiff filed a Motion asking the Court to requiring his former defense lawyer, R. Edward Hensley, Jr., to release his file to him "so [he] can proceed with [his] appeals process." (CR Doc. No. 81). The Motion was also denied. (CR Doc. No. 82).

In 2014, the Petitioner filed a Declaration in the criminal case in which he alleged that he had delivered a timely § 2255 Motion to Vacate to prison authorities for mailing on March 4, 2009. (CR Doc. No. 83). He then filed a Motion asking the Court to accept a § 2255 Motion to

2

Vacate as timely filed. (CR Doc. No. 84). The Court denied the Petitioner's Motion to deem his § 2255 Motion to Vacate as timely filed because the Declaration was filed more than five years after the applicable deadline expired and Petitioner failed to submit competent evidence that he complied with the prisoner mailbox rule and timely filed a § 2255 Motion to Vacate. See April 1, 2015 text-only Order; (CR Doc. No. 91) (Government's Response). The Fourth Circuit affirmed. United States v. Driver, 605 F. App'x 221 (4th Cir. 2015).

In 2018, Petitioner filed Motions in the Fourth Circuit requesting authorization to file a second or successive § 2255 pursuant to 28 U.S.C. §§ 2244 and 2255(h). The Fourth Circuit denied the petitions as unnecessary because Petitioner had not yet filed an initial § 2255 petition. See Fourth Cir. Case Nos. 18-183, 18-224.

In February 2019, Petitioner filed a Motion requesting the appointment of counsel in the criminal case, arguing that the victim's rape kit examination was negative, that this evidence was withheld at trial and proves Petitioner's actual innocence, and that he was unable to obtain any evidence from his trial lawyer. (CR Doc. No. 101). The Motion was denied on February 15, 2019 in a text-only Order.

In 2020, Petitioner filed a Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief, that was docketed in the instant case as a § 2255 Motion to Vacate. (Doc. No. 1). He appears to argue:[1] (1) the Court abused its discretion by sentencing Petitioner pursuant to enhancements pursuant to both U.S.S.G. §§ 2A3.1(b)(1) and 2A3.1(b)(5) because such constitutes double-counting; (2) trial counsel was ineffective for refusing to subpoena the medical examiner at trial, failing to investigate and consult with Petitioner about § 2255 relief, and filing to introduce rape kit evidence that would

---

[1] The claims have been renumbered and restated.

have showed that the victim was not sexually assaulted; and (3) the prosecutor engaged in misconduct by claiming that there were several offenses when Petitioner was only found guilty of one offense, which adversely affected the trial and sentencing, and by stating that Petitioner all but confessed to the crime.

On October 26, 2020, the Court issued an Order pursuant to United States v. Castro, 540 U.S. 375 (2003) notifying the Petitioner of its intent to recharacterize his petition as a § 2255 Motion to Vacate. (Doc. No. 2). The Court also notified Petitioner that a § 2255 Motion to Vacate appeared to be subject to dismissal as time-barred. The Court granted Petitioner the opportunity to inform the Court, within 30 days, whether he was agreeing to have his petition recharacterized as a § 2255 Motion to Vacate and, if so, why such was not time-barred. Petitioner was cautioned that his failure to comply with the Order would result in the petition's recharacterization and would likely result in its dismissal with prejudice as time-barred. (Doc. No. 2 at 4).

Petitioner failed to timely respond to the October 26, 2020 Order, however, he sent the Court a Letter stating that he had contracted COVID-19 and was in quarantine. (Doc. No. 3). In an Order entered on January 26, 2021, the Court liberally construed the Letter as requesting an extension of time which was granted until February 25, 2021. (Doc. No. 4).

Petitioner filed the instant Amended § 2255 Motion to Vacate on February 22, 2021.[2] (Doc. No. 5). He raises claims of prosecutorial misconduct, ineffective assistance, of counsel, trial court error, and double counting at sentencing.[3] With regards to timeliness, Petitioner

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

[3] These claims are mere headings. The Amended § 2255 Motion to Vacate refers to a supporting Brief, but no such document has been filed.

4

states: rape kit evidence which would have shown the victim was not sexually assaulted was withheld at trial; his lawyer had a heart attack around the end of trial in 2007 or 2008; Petitioner wrote to counsel and had his family visit counsel's office about filing a 2255 petition, but his office had moved; Petitioner was informed in 2008 or 2009 that his lawyer had passed away; and Petitioner has moved for the appointment of counsel "for help on these issues" several times. (Doc. No. 5 at 12).

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings …" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The Court further finds that no response from the United States is required.

## III. DISCUSSION

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

5

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As previously noted, the Fourth Circuit issued its opinion affirming on direct appeal on April 14, 2008 and Petitioner did not file a petition for writ of certiorari. Driver, 273 F. App'x at 277. The instant § 2255 Motion to Vacate was filed more than a decade after Petitioner's conviction and sentence became final and is therefore untimely for purposes of § 2255(f)(1), and Petitioner has failed to demonstrate that any other subsection of § 2255(f) applies. As such, the § 2255 Motion to Vacate is time barred unless equitable tolling applies.

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse, 339 F.3d at 246).

Petitioner contends that his § 2255 Motion to Vacate should be deemed timely because he

had difficulty obtaining transcripts and other records from his trial lawyer and because he was not appointed counsel.  However, Petitioner's allegations that he encountered difficulties with obtaining records between 2007 and 2009 are not extraordinary circumstances that would warrant the application of equitable tolling, do not demonstrate that he exercised due diligence, and do not explain how the enforcement of the statute of limitations against him would be unconscionable. Equitable tolling, therefore, does not apply and his § 2255 petition is time-barred.  As such, the Amended § 2255 Motion to Vacate will be dismissed with prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, Petitioner's Amended § 2255 Motion to Vacate (Doc. No. 5), is **DISMISSED** with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 5), is **DISMISSED** with prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: March 11, 2021

*[signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge