IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
2:05CR217-GCM

| | |
|---|---|
| CALVIN WATTY DRIVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court upon the pro se Petitioner Calvin Watty Driver's "Petition for Writ of Mandamus and Writ for Extraordinary Relief." Petitioner seeks to have the Court compel the government to produce a rape kit from his 2005 criminal trial. The government has filed an opposing brief.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In July 2005, Driver was walking by the side of the road in the Eastern Band of Cherokee Indian Reservation in North Carolina. *United States v. Driver*, 273 F. App'x 277, 278 (4th Cir. 2008). The victim, who knew Driver, was driving to work and stopped to give him a ride to his father's residence. *Id*. When they arrived at the residence, Driver held a knife to the victim's throat, forced her to lie down in the back seat, and drove away. *Id*. He eventually stopped the vehicle, got into the back seat, and forced the victim to engage in vaginal intercourse. *Id*. Driver then drove around until stopping and again forcing the victim to engage in vaginal intercourse with him. *Id.* Driver eventually forced her into the passenger's seat, drove to another residence, exited the vehicle, and left. *Id*.

Driver was indicted on two counts of aggravated sexual assault in Indian country and kidnapping. Doc. No. 13. During Driver's 2005 trial, both the victim and Officer Mary Lambert from the Cherokee Police Department testified that a rape kit was performed on the victim. FBI Special Agent Ronald Brown testified that when he interviewed Driver, Driver told him that he had consensual sex with the victim. Driver contended that the victim was lying about whether the sex was consensual because she was married. Agent Brown also testified "that a rape kit was performed" and that sperm was identified, but the source of the sperm had not been identified. Doc. No. 59, Trial Tr. 91. Driver objected and moved to strike this testimony, arguing that Brown had testified that "they identified something but he says the test [sic] weren't complete." *Id*. The Court sustained the objection. Brown then testified that items were still at the lab and that it "generally takes several months" to obtain an analysis. *Id*. at 92. A jury convicted Driver of one count of aggravated sexual assault in Indian country, but did not reach a verdict on the other two counts. This Court sentenced Driver to 324 months of imprisonment. He appealed his sentence, and the Fourth Circuit affirmed in 2008. *Driver*, 273 F. App'x at 280.

In 2012, this Court denied Driver's request for his attorney to release various documents, discovery, and medical exams to him. Doc. No. 82. Driver sought leave to file a motion to vacate in 2015, which this Court denied as untimely. *See* dkt. entry of April 1, 2015; Doc. No. 91. The Fourth Circuit affirmed. Doc. No. 98. In 2020, Driver filed a motion to vacate, which the Court dismissed as untimely. Doc. No. 104.

Almost two years later, Driver filed the present petition for a writ of mandamus. Doc. No. 105. He seeks an order compelling the United States to disclose the "alleged rape kit," which he characterizes as "exculpatory and mitigating evidence concealed from [his] criminal trial." *Id*. at p. 1. He requests this information to use in a motion for compassionate release. Driver asserts

2

that the United States is required to turn this information over pursuant to Federal Rule of Criminal Procedure 16. He contends that he was unable to obtain this information pursuant to a Freedom of Information Act request and that a motion to vacate under 28 U.S.C. § 2255 "is not cognizable to compel the production." *Id*. at p. 4.

## II. DISCUSSION

A writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary cases." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004) (internal quotation and citation omitted). To obtain mandamus relief, a petitioner must establish that "his right to issuance of the writ is clear and undisputable" and that he has "no other adequate means to obtain the relief he desires." *Id*. (cleaned up). Even if a petitioner makes these showings, a court must be satisfied in the exercise of its discretion "that the writ is 'appropriate under the circumstances.'" *In re Moore*, 955 F.3d 384, 388 (4th Cir. 2020).

Driver relies on Rule 16 of the Federal Rules of Criminal Procedure to establish a right to issuance of the writ. However, Rule 16 provides for disclosure of reports of examinations and tests *prior to* trial. Fed. R. Crim. P. 16(a)(1)(F). There is a continuing duty to disclose material evidence "before or during trial." Rule 16(c). Rule 16 does not provide for "post-trial discovery." *Lane v. United States*, C/A No. 6:06-cr-0992-GRA, 2007 WL 2343677, at *1 (D.S.C. Aug. 13, 2007); *United States v. Nobles*, 422 U.S. 225, 235 (1975).

Driver has not shown a clear and undisputable right to discovery 18 years after his trial. Other than the present motion, he has no pending proceedings before this Court. Even if Driver could make the requisite showing, he has not shown that the Court should exercise its discretion to grant a writ of mandamus, particularly where the record shows that the rape kit was discussed at trial, his attorney was the one who objected to testimony regarding any results that had been

3

obtained through testing or were still pending, and the rape kit was not suppressed by the United States. *See In re Sims*, 691 F. App'x 790, 791 (4th Cir. 2017) (holding "mandamus may not be used as a substitute for appeal or collateral review"). The Court finds that Driver has not shown that he is entitled to the extraordinary remedy of mandamus.

IT IS THEREFORE ORDERED that the Petitioner's "Petition for Writ of Mandamus and Writ for Extraordinary Relief" is hereby DENIED.

Signed: May 30, 2023

Graham C. Mullen
United States District Judge